RECEIVED
NY PRO SE OFFICE
21 JAN 15 PM 1: 36

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, N.N. NY 10007
PRO SE OFFICE
CHIKEZIE OTTAH

_____
Write the full name of each plaintiff.

-against-

BRACE WELL
1251 6th AVENUE
49th Floor, martha Tjon
NY, NY 10020, USA

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**COMPLAINT**

Do you want a jury trial?
☒ Yes   ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☒   Federal Question   US, 35 USC 271

☐   Diversity of Citizenship

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

35 USC 271, AN INFRINGEMENT CIVIL CASE

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, BROCE WEIL Corporation is a citizen of the State of
(Plaintiff's name)

NEW YORK CITY, NY STATE
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

ONE Corporation

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual: _Brace Inc._

The defendant, _____, is a citizen of the State of
           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ _N/A_ _____.

If the defendant is a corporation:

The defendant, _Brace Incorporated_, is incorporated under the laws of

the State of _NYS, UNITED STATES_

and has its principal place of business in the State of _NYS, TEXAS in USA_

or is incorporated under the laws of (foreign state) _NYS_

and has its principal place of business in _NYC, NYS, OTHERS_

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_CHIKEZIE_          _OTAH_

First Name      Middle Initial     Last Name

_486 Dorothy Lane_

Street Address

_Elmont_       _NYS_      _10008_

County, City            State          Zip Code

_778 581 4539_      _edyotteka@yahoo.com_

Telephone Number           Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _Brace Well Inc._

First Name _____ Last Name _____

Current Job Title (or other identifying information) _____

Current Work Address (or other address where defendant may be served)
_1251  6th AVENUE, 49th Floor, manthon #_

County, City _NYC_   State _NYS_   Zip Code _10020_

Defendant 2: _____

First Name _____ Last Name _____

Current Job Title (or other identifying information) _____

Current Work Address (or other address where defendant may be served) _____

County, City _____   State _____   Zip Code _____

Defendant 3: _____

First Name _____ Last Name _____

Current Job Title (or other identifying information) _____

Current Work Address (or other address where defendant may be served) _____

County, City _____   State _____   Zip Code _____

Defendant 4:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                  State              Zip Code

## III. STATEMENT OF CLAIM   I OBSERVED IN

Place(s) of occurrence: NYC WHERE THE DEFENDANT PRODUCT, CAMERA WAS MOUNTED ON MTA BUS & OTHER VEHICLES

Date(s) of occurrence: 1ST JULY 2014, 2ND 03/17/2020

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.   IN-VATION OF US LAW 35 USC 271

AS I OBSERVED THE ATTACHED CAMERAS IN MTA VEHICLE I SENT A COMPLAINT LETTER TO MTA, THEN MTA ISSUES OR SENT TO ME ALL THE INFORMATION ON BRACE WELL INC. I SENT ANOTHER COMPLAINT TO BRACE WELL AND ASK THEM FOR LICENSE OR PERMIT. BRACE WELL A LAW FIRE FOR UTC & MTA REPLYED AND INFORMED ME THIS LICENSEING WILL HAVE TO WAIT LATER, THEN I REVIEW MY COMPLAINTS ON 3/17/2020 AND ASKED BRACE WELL FOR LICENSEING AGAIN. THIS TIME NO REPLY, AFTER CLEAR EVIDENCES OR THEIR WRONG CONTINUIOUS ILLEGAL POSITION AND MANUFACTURING, OR MAKING AND SELLING THE PRODUCT/CAMERA WITHOUT LICENSEING THAT HARM MY PATENT US7,152,840 AND A LOSE OF REVENUE

BLACK-WELL HAS FAIL TO OBSERVE 35 USC 271

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

AS A RELIEF FOR THIS MATTER, WE (I) REQUEST THAT THE COURT ASK THE DEFENDANT, OR THE MAKER TO PAY A SUM OF 18 MILLION FOR THE DAMAGES IN INFRINGING US PATENT 7,152,840

# STAPLES

### Make More Happen

Low prices.  Every item.  Every day.
Store No:0147
9319 5th Avenue
Brooklyn, NY 11209
718-833-1270

262626 00 026 69589
Receipt #: 69589          01/14/2021 15:03

| Qty | Description | Amount |
|-----|-------------|--------|
| 12 | PC Rental Mins - 828483 | 3.60 |

SubTotal                       3.60
Taxes                          0.32
Total                 USD $3.92

Cash Card #: ************2156 [S]
Swipe
Auth No.: 000917

Balance remaining on card: $9.17

Compare and Save
With Staples-brand products.
THANK YOU FOR SHOPPING AT STAPLES!

0147011421695893926

 U.S. Code
Title 35. PATENTS
Part III. PATENTS AND PROTECTION OF PATENT RIGHTS
Chapter 28. INFRINGEMENT OF PATENTS
Section 271. Infringement of patent
35 U.S. Code § 271. Infringement of patent
U.S. Code
Notes
prev | next
(a)
Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
(b)
Whoever actively induces infringement of a patent shall be liable as an infringer.
(c)
Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.
(d)
No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having done one or more of the following: (1) derived revenue from acts which if performed by another without his consent would constitute contributory infringement of the patent; (2) licensed or authorized another to perform acts which if performed without his consent would constitute contributory infringement of the patent; (3) sought to enforce his patent rights against infringement or contributory infringement; (4) refused to license or use any rights to the patent; or (5) conditioned the license of any rights to the patent or the sale of the patented product on the acquisition of a license to rights in another patent or purchase of a separate product, unless, in view of the circumstances, the patent owner has market power in the relevant market for the patent or patented product on which the license or sale is conditioned.
(e)
(1)
It shall not be an act of infringement to make, use, offer to sell, or sell within the United States or import into the United States a patented invention (other than a new animal drug or veterinary biological product (as those terms are used in the Federal Food, Drug, and Cosmetic Act and the Act of March 4, 1913) which is primarily manufactured using recombinant DNA, recombinant RNA, hybridoma technology, or other processes involving site specific genetic

1

manipulation techniques) solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

(2) It shall be an act of infringement to submit—

(A)

an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act or described in section 505(b)(2) of such Act for a drug claimed in a patent or the use of which is claimed in a patent,

(B)

an application under section 512 of such Act or under the Act of March 4, 1913 (21 U.S.C. 151–158) for a drug or veterinary biological product which is not primarily manufactured using recombinant DNA, recombinant RNA, hybridoma technology, or other processes involving site specific genetic manipulation techniques and which is claimed in a patent or the use of which is claimed in a patent, or

(C)

(i)

with respect to a patent that is identified in the list of patents described in section 351(l)(3) of the Public Health Service Act (including as provided under section 351(l)(7) of such Act), an application seeking approval of a biological product, or

(ii)

if the applicant for the application fails to provide the application and information required under section 351(l)(2)(A) of such Act, an application seeking approval of a biological product for a patent that could be identified pursuant to section 351(l)(3)(A)(i) of such Act,

if the purpose of such submission is to obtain approval under such Act to engage in the commercial manufacture, use, or sale of a drug, veterinary biological product, or biological product claimed in a patent or the use of which is claimed in a patent before the expiration of such patent.

(3)

In any action for patent infringement brought under this section, no injunctive or other relief may be granted which would prohibit the making, using, offering to sell, or selling within the United States or importing into the United States of a patented invention under paragraph (1).

(4) For an act of infringement described in paragraph (2)—

(A)

the court shall order the effective date of any approval of the drug or veterinary biological product involved in the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed,

(B)

injunctive relief may be granted against an infringer to prevent the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an approved drug, veterinary biological product, or biological product,

(C)

damages or other monetary relief may be awarded against an infringer only if there has been commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an approved drug, veterinary biological product, or biological product, and

2

(D)

the court shall order a permanent injunction prohibiting any infringement of the patent by the biological product involved in the infringement until a date which is not earlier than the date of the expiration of the patent that has been infringed under paragraph (2)(C), provided the patent is the subject of a final court decision, as defined in section 351(k)(6) of the Public Health Service Act, in an action for infringement of the patent under section 351(l)(6) of such Act, and the biological product has not yet been approved because of section 351(k)(7) of such Act. The remedies prescribed by subparagraphs (A), (B), (C), and (D) are the only remedies which may be granted by a court for an act of infringement described in paragraph (2), except that a court may award attorney fees under section 285.

(5)

Where a person has filed an application described in paragraph (2) that includes a certification under subsection (b)(2)(A)(iv) or (j)(2)(A)(vii)(IV) of section 505 of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. 355), and neither the owner of the patent that is the subject of the certification nor the holder of the approved application under subsection (b) of such section for the drug that is claimed by the patent or a use of which is claimed by the patent brought an action for infringement of such patent before the expiration of 45 days after the date on which the notice given under subsection (b)(3) or (j)(2)(B) of such section was received, the courts of the United States shall, to the extent consistent with the Constitution, have subject matter jurisdiction in any action brought by such person under section 2201 of title 28 for a declaratory judgment that such patent is invalid or not infringed.

(6)

(A) Subparagraph (B) applies, in lieu of paragraph (4), in the case of a patent—

(i)

that is identified, as applicable, in the list of patents described in section 351(l)(4) of the Public Health Service Act or the lists of patents described in section 351(l)(5)(B) of such Act with respect to a biological product; and

(ii) for which an action for infringement of the patent with respect to the biological product—

(I)

was brought after the expiration of the 30-day period described in subparagraph (A) or (B), as applicable, of section 351(l)(6) of such Act; or

(II)

was brought before the expiration of the 30-day period described in subclause (I), but which was dismissed without prejudice or was not prosecuted to judgment in good faith.

(B)

In an action for infringement of a patent described in subparagraph (A), the sole and exclusive remedy that may be granted by a court, upon a finding that the making, using, offering to sell, selling, or importation into the United States of the biological product that is the subject of the action infringed the patent, shall be a reasonable royalty.

(C)

The owner of a patent that should have been included in the list described in section 351(l)(3)(A) of the Public Health Service Act, including as provided under section 351(l)(7) of such Act for a biological product, but was not timely included in such list, may not bring an action under this section for infringement of the patent with respect to the biological product.

3

(f)

(1)

Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

(2)

Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

(g) Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent. In an action for infringement of a process patent, no remedy may be granted for infringement on account of the noncommercial use or retail sale of a product unless there is no adequate remedy under this title for infringement on account of the importation or other use, offer to sell, or sale of that product. A product which is made by a patented process will, for purposes of this title, not be considered to be so made after—

(1)

it is materially changed by subsequent processes; or

(2)

it becomes a trivial and nonessential component of another product.

(h)

As used in this section, the term "whoever" includes any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this title in the same manner and to the same extent as any nongovernmental entity.

(i)

As used in this section, an "offer for sale" or an "offer to sell" by a person other than the patentee, or any designee of the patentee, is that in which the sale will occur before the expiration of the term of the patent.

(July 19, 1952, ch. 950, 66 Stat. 811; Pub. L. 98–417, title II, § 202, Sept. 24, 1984, 98 Stat. 1603; Pub. L. 98–622, title I, § 101(a), Nov. 8, 1984, 98 Stat. 3383; Pub. L. 100–418, title IX, § 9003, Aug. 23, 1988, 102 Stat. 1563; Pub. L. 100–670, title II, § 201(i), Nov. 16, 1988, 102 Stat. 3988; Pub. L. 100–703, title II, § 201, Nov. 19, 1988, 102 Stat. 4676; Pub. L. 102–560, § 2(a)(1), Oct. 28, 1992, 106 Stat. 4230; Pub. L. 103–465, title V, § 533(a), Dec. 8, 1994, 108 Stat. 4988; Pub. L. 108–173, title XI, § 1101(d), Dec. 8, 2003, 117 Stat. 2457; Pub. L. 111–148, title VII, § 7002(c)(1), Mar. 23, 2010, 124 Stat. 815.)

Historical and Revision Notes

The first paragraph of this section is declaratory only, defining infringement.

Paragraphs (b) and (c) define and limit contributory infringement of a patent and paragraph (d) is ancillary to these paragraphs, see preliminary general description of bill. One who actively induces infringement as by aiding and abetting the same is liable as an infringer, and so is one who sells a component part of a patented invention or material or apparatus for use therein knowing the same to be especially made or especially adapted for use in the infringement of the patent except in the case of a staple article or commodity of commerce having other uses. A patentee is not deemed to have misused his patent solely by reason of doing anything authorized by the section.

References in Text

The Federal Food, Drug, and Cosmetic Act, referred to in subsec. (e)(1), (2), is act June 25, 1938, ch. 675, 52 Stat. 1040, which is classified generally to chapter 9 (§ 301 et seq.) of Title 21, Food and Drugs. Sections 505 and 512 of the Act are classified to sections 355 and 360b, respectively, of Title 21. For complete classification of this Act to the Code, see section 301 of Title 21 and Tables.

Act of March 4, 1913, referred to in subsec. (e)(1), (2), is act Mar. 4, 1913, ch. 145, 37 Stat. 828. The provisions of such act relating to viruses, etc., applicable to domestic animals, popularly known as the Virus-Serum-Toxin Act, are contained in the eighth paragraph under the heading "Bureau of Animal Industry" of act Mar. 4, 1913, at 37 Stat. 832, and are classified generally to chapter 5 (§ 151 et seq.) of Title 21, Food and Drugs. For complete classification of this Act to the Code, see Short Title note set out under section 151 of Title 21 and Tables.

Section 351 of the Public Health Service Act, referred to in subsec. (e)(2)(C), (4)(D), (6)(A), (C), is classified to section 262 of Title 42, The Public Health and Welfare.

Amendments

2010—Subsec. (e)(2). Pub. L. 111–148, § 7002(c)(1)(A)(iv), substituted ",  veterinary biological product, or biological product" for "or veterinary biological product" in concluding provisions.

Subsec. (e)(2)(C). Pub. L. 111–148, § 7002(c)(1)(A)(i)–(iii), added subpar. (C).

Subsec. (e)(4). Pub. L. 111–148, § 7002(c)(1)(B)(iv), substituted "(C), and (D)" for "and (C)" in concluding provisions.

Subsec. (e)(4)(B). Pub. L. 111–148, § 7002(c)(1)(B)(i), substituted ",  veterinary biological product, or biological product" for "or veterinary biological product" and struck out "and" at end.

BRIEFING ON TELESCOPING WITH CONNECTORS OR INTERCONNECTORS

Page 6, paragraph 1,US Patent 840, (ref.12 fig. 1) planar is legally added to claim 1, paragraph 1, see Claim section, page 6, paragraph 3, line 4 to 6 interconnector,( ref. Fig. 3, line 1-7, interconnector) US 840 patent , to those skilled in the art, a Planar correctly means screen display, or TV, it can mount in a software or, and hardware connectors for a bookholding and operation with computer or camera device, is telescopically mounted manually with connector that allow axial, or rotational adjustable or fixable or modifiable of the book holder, and or concentrically allow a remote device telescopic adjustable, or modifiable of picture on the planar, or TV, see the claim, US Patent 840, page 6, paragraph 3, line 4 -8, all this are facts and claimed, see, Fig.8, paragraph 1, line 1-8, a book or TV device mount apparatus on the vehicle. "telescoping with connector or interconnector". This is contrary to the court believe that the US 840 Patent can only hold camera, but do not have other (audio video and equipment) parts to function like the defendant mobile camera, see Ottah V. BMW, the court miss read the adjustability, the facts has lead to adjustable with connectors with software, and hardware and this connectors allow removably, or fixable modifiable. To hold simply is to be fixable, opposite of removable attach, or a combined language of adjustable. Ability to change, modifiable, alterable, or convertible, fixable etc.

6

CLAIM TELESCOPIC INTERCONNECTOR OR CONNECOTION

That the claimed platform, or planar panel can be converted or modified with electronic or electronic parts, board, or element. See, case 1.15-cv-02465-LTS, document 178, filed 02/01/17 page 6 of 10, paragraph 1. See page 3, line 2, US 840. See Supreme court decision in Graver Tank VS Linde air prods. Co.336 US 271, 276-77, 69 SCt. 535, 538-39, 93 Led. 672, 80 USPQ 451, 453 (1949) I plead with the court to see the object of the patent number 10, it state, "it is another object of the present invention to provide a connector means for removably secure a book to the book holder in a reading position" the unique elements that can reddener a camera functional comprise of a camera lens attach to cables, attach to a sensor, attach to DVR attached to memory, attach to IP for media exchange, and attach to a power line concentric network carry the IP address to receiver electric devices, all this elements are assemble in mother board and inserted into hard cover cube and secured with a screw, electro wired buttons, key board, other are inserted into the laptop ports and a concentric network link the IP into audio video displace or recorder by cable, other "The panel 16 may be provide with a set of mounting position for and /or mounting the above camera" the camera is functional.

"The examiner points out informalities in claim 32. Applicant amends claim 32, correct the informalities indicated in the above referenced office action. Applicant respectfully requests examiner accept the proposed amendment and allow claim 32"

This means that claim 32 followed all the laws, the claims of connector or interconnectors in camera and or camera devices is undisputable. Further, see the claim limitation in the summary of invention; "it is the objective of the present invention to provide a book holder that can be easily and removable attached to and removed from a bar or portion of the mobile vehicle without tools. Again, relevant to the claim, the summary number 10 of invention suggested on Page 2, it is the objective of the present invention to provide a CONNECTOR (interconnector) means to secure the book holder.  The above statement was suppose to be a limitation against Wiersma US Patent 4,201,013, not restrictive to US Patent 7,152,840. The fact is US Patent 7,152,840 have so many limitations, even USPTO said that during allowance. See examiners Amendment; after all that back and forth rejection and acceptance; The prior art fail to disclose or suggest a device having all of the limitations of the claims. While various book holders comprising clamps and telescoping arms are known, there is no suggestion of a device having all of the recited features in the claimed arrangements." See Fig. 3, page 3, and 4, paragraph 1, (with a reference to 12 Fig.1) it explicit and implicatively described the configuration of concentric network, adjustable or modifiable electronic, planar for reading, writing and sharing pictures. In the light of prior art, concentric network is adjustable or modifiable, or fixable by different connectors, hardware or software, software have language (IP, or Ethernets) the IP language do not have a screw but an address, it is plausible. See the method below for further explanation of the infringement by the defendant. The facts set hereto has prove it is not an estopple

8

like the court was mislead by the earlier defendants, furthermore is suggesting that

no prior is suggesting the use or knowledge of network linking of a phone, computer,

taptop, or camera or if the defendant know any prior art that is suggesting the

telescoping interconnecting arrangements please bring such prior art to light.


THE COURT WAS MISS LEAD BY THE DEFENDANTS

The court was mislead by the defendants, the 1st court Ottah V. 1st mobile

technology requested that should use equivalent,  but when l modified the base, the

court rejected it. In the  courts opinion, my apparatus the book hold may hold

electronic or computer but in her opinion my book holder can not function like the

defendant.  Lastly, in the court opinion, l was ban from using a tool.


How the court was miss lead,  Your Hon. Honorable Judge Lehrburger stated in

page 4, paragraph 4, of document 38, case 19 cv 08289 PAE. RWL. Essentially, the

patent covers a book holder forremavable attachment,  Comprised of an adjustable

clasp.

As claimed an adjustable clasp: in ordinary language is something that's adjustable

can be changed or altered modifiable,  fixable, converable so that it works or fit

better, did the 1st court recognize that.  Your Hon. Yet there was notice,  see US

Patent 840, page 6, paragraph 1, line 1 to 11, please see US patent number 840, Fig

4 alternative clip so many other suggestions of an adjustable clasp.

MISS READ


9

Book holder can hold the computer or electric but lack the functing of the defendant. Your Hon. See page 4, paragraph 3, line 1 to 9,  document 38 case number 1.19 08289 PAE. RWL. For those expert in this art, the telescopic arrangements interconnecting the frist end to the second end: interconnecting or interconnectors is a relationship in which a thing or item or idea is link or network with other thing, simply illustrate something that alllow you to get connected to a system,  network, etc through a computer,  telephone,  camera, or her devices. Example a simple function of scroll of your remote control laptop  and ADJUSTABLE of the axial or rotational adjustable of e book in the laptop, this in light of prior art is a code. Please your Hon. see Fig. 3, paragraph 1, line 5/6. US patent number 840, with reference 12 Fig. 1

Estoppel

Descriptive claim; see claim, page 6, paragraph 2, line 1 to 3, "resilient clip arm"

To those expert in the telescoping with interconnectors or connectors or interlogix or intercom system, inter linking, the mean the same thing blow



the network involve concentric media transfer from the camera lower left to a laptop or planar, TV, telescoping a configuration to a

10

wired voice and video inference with tool, or wireless IP address audio voice and video transfer of communication, media is through address like, www.cf2.court.gov. isn't that in light of over coming of the the prior art, and a NOTICE to new product to availed duplication, and for the defendant product to avoid duplication and liable of copying US Patent 840.

11

see, application number 10/366,779, dated 03/21/2006.

Reasons for examiner amendment: (MPEP 1302.04)

"If after reviewing, screening or surveying an allowed application the office of patent quality assurance discovers any informality in the application suitable for correction by the examiner's amendment or in an informality in an examiner's amendment" or

Whenever interlineations, or cancellation have been made in the specification or amendments which would lead to confusion and mistakes, the examiner should require the entire portion of the specification affected to be rewritten before passing the application to issue. See 37 CFR 1.125

There should be a clear support or antecedent basis in the specification for the terminology used in claims. See 37 CFR 1.75, or MPEP 608.01

Again "an examiners amendment may be used to correct informalities in the body of the written portions of the specification as well as all errors and omissions in the claim. The examiner's amendment must be signed by the primary examiner", See MPEP 1302.04This amendment said it all, to validate the examiner amendment and a fact that the above tooling mechanism is not restrictive or excluding any form of removal attachment or mounting of book or devices.

"it is the object of the present invention to provide a book holder that can be easily and removably attached to and removed from a bar or portion of the mobile vehicle without tools." This portion of the specification have been marked with confusion and defendant attorneys deliberately lying and misleading to the Judges all the way

12

to the Appeal Court. Even when the court addressed the attorneys in various conference meetings to present the truths. See tooling, Your Hon, l respectfully state that l have in many occasion handed to the attorney, this examiner's amendment for the attorneys not to over react before all the facts are presented, because the examiner's amendment clearly pointed on the two section of US 840 Patent the defendants hate to acknowledge, 1. Is the devices and, 2. features (or Technology and or mechanism)

As stated above in the reason for examiner's amendment, like to avoid confusion, informalities, errors and lies, the examiner after weighing all the facts stated " While various book holders comprising clamps and telescoping arms are known, there is no suggestion of a device having all of the recited features in the claimed arrangements." See application number 10/366,779, dated 03/21/2006. The recited features in the claim arrangements include this unique clasp are; clip body: clip body and connector improved the patent attachment and removal with tools, divide the mechanism into hard wares and soft wares further include base, connectors with screws, or without tools, ( plug and play, tooling) with coiling lines, cup suctions, electronic wiring, plug and play wiring or card, audio connectors, LAN connectors etc.

In conclusion, see Fig.3, (ref. 12, 1) Alternative arm. the special feather of claim 32 are camera and it element concentrically link to a planar panel, the telescopic arrangement are through soft ware media encoding, rotating, and axial positioning

13

of the page or book are completed with plug and play soft ware. The experts in this field understand there is no informalities.



RESILIENT CLIP IN THE ACCUSED PRODUCT IS A VIOLATION

Your Hon. in the defendant camera holder or BookHolder , the projected pin like instrument is 80a the resilient clip 80b arm, for physical 80b axial adjustable 68a in relation62b to the 72a claspe ( a 72a braket base) and the pivotal 45 camera platform. The top two 80b resilient clip are responsible for adjustment of the 45 camera, a simply press on the top pin buttons or top 80b resilient clips will adjust the read position of the 45 camera, for the 45 camera to be revised backwards, press on the 80a resilient clip you can quickly and easily removably or reattached a 45 camera without tools (screw), is it a fact in light over the prior art and a cause of infringement against the defendant. Furthermore, with an protract 50 connector or 45 interconnector 80b holder or 72b fixed to mount the 45 planar, or 45 TV and interconnecting 45 the planar to a 45 camera 50 network system, the 50 network

14

system operating system 50 remote control can 50 telescopically adjustable the 45

pages in the 45 planar 50 axially, 50 rotational and 72b fixed the e book by  50 scoll,

using 50 IP address, not a 72b screw, is it not in the light of prior art and in the

light an infringement against the late products like the defendant product.

Your Hon.the defendant miss conduct adjustable it product for telescoping with

resilient clip is a violation of US Patent 840, it is obvious in the light of the accused

product, by applying 80b resilient clip the product axially change position, or

rotational  positioning

.

METHOD.

15

Fig. 3, the supporting structure include open boxes shaped members a male member 60and a female member 62 adapted for separable interconnection. Both the male and female member 60 and female member 62 have a front portion 64a(6b) a back portion 66a(66b), 28 a pair of side 68a (68b) and 7a (70b), a floor or (base) 72a (72b), the portion 64a and 66a and 66b of the female member60 have set of holes 80 co-operable with those on the portions 64a and 66a of the b of the femalemember80b in the cooperating side wall of the holes female member 62. The user then fixs the male member to the female member 62 by a connector means.


INTERCONNECTOR FOR TELESCOPICING:

Your Hon. interconnector (adaptable) "something that adaptable can be changed or alter, modifiable, configured, or convertible, relevant to the claimed multi. telescopic during installation of book holder and during operation or positional by the owner, therefore see, US Patent 840, page 6, paragraph 1. Line 1 to11.


I have discussed axial, and adjusting of reading positions while in mobile vehicle, most manual telescopic arrangement. Laptop will be adapted to be install or clipped or clamped onto the platform, the secured laptop is linked to a media energy network receivers and transmitters, to address the positions of the media in your laptop, you move the remote control, mouse or key board to the axial, rotational, other preferable position adjustment of the pages of the e-book.
US PATENT 840 CLAIM WAS MIS-READ AND IT HAS RESULTED IN A WRONG CLAM CONSTRUCTION
Your Hon. I respectfully state that the court was miss lead by the defendant in Ottah V. 1st Mobile, Ottah V. VeriFone, (resulted doctrine de novo), Ottah V.BMW, Ottah V. Verizon and Ottah V. National grid. Your Hon. as a pro se I believe and rely on the vision and the tradition of the court, my intention is noting but fairness and justice which I have no reason to doubt the court before or now.
OTTAH PRESENTED NO ARGUMENT FOR WHYTHE SAME RESULT SHOULD NOT APPLY HERE
Ottah presented no argument for why the same result should not apply, see case 19-cv-08289-PAE-RWL document 38, filed 04/27/20, as a pro se I have no doubt on the court before or now, for a fair and just result the claim (s)  has to be read correctly.
Your Hon. see the summary of invention, US Patent 7,152,840, page 2, paragraph 9,it is another objective of the present invention to provide a connect means for removably securing a book to the book holder in a reading position.  I respectfully will state the objective of the patent as relevant to the reading of claim, Your Hon. see the claim, state" we claim" page 6, paragraph 3, line 4, interconnector ( interconnectors  have software and or hardware).
Your Hon. see in Fig. 3, paragraph 1, an alternative supporting arm comprise concentrically mounted square tube members 60, 62. The open box shaped male member 60 is adapted to attach to a book support plat form (12, Fig.1) on one end and slidably insert into member 62 with the other end. The male member 60 is adapted for separable concentric interconnection with the female member 62 to form a telescoping arrangement for axial adjustment of space relational distance between the book support and the female member 62. It is relevant to the

claim, mention above in Page 6,paragraph 3, line 4, 1st the method referenced to Fig. 1, to a number of items in the claimed interconnector in telescoping arrangement , for clarity the items mentioned include electronics like planar panel (TV, Computer, Camera see also Fig. 8, page 5, paragraph 3) 2nd a manual concentric include a rotational method of mounting or attachment of the tube member60 and 62, 3rd method is mounting of the apparatus or the tube member with connector means, fix it to secure. (see page 4, line 18 to 20).

THE CONNECTOR AND OR THE INTERCONNECTOR ALLOW THE METHOD OF MOUNT AND USE
Your Hon. all this method of mounting the alternative support arm or the arms is achievable depending on your scope of attachment required by the user. It is proven you can concentrically adjust axially of the apparatus or the items in telescopic arrangement . The parts of connectors choosen for electronic telescopic arrangement if it include remote control will be tool less, the concentric electrical function is transmitted in codes. The connectors allow the user to select the picture to watch.  The summary, the claim and specification are substantially the same, I believe the claim has complied with rule12(b)(6)

**THE CLAIM; UNDISPUTED BY THE DEFENDANT**
**THE CLAIM IS THE BED-ROCK OF PATENT, WITH CLARITY.**
**Hon. Judge Lehrburger claim reconstruction agree (Interconnector) see case 1:19- cv-08289-PAE-RWL document 38. Fild 4/27/20**
**Platform**
**1.Platform front surface maybe adopted, or modified, configured to hold books or technology (Eg. White board, black board, ELECTRONIC BOARD)**
**Platform maybe clamped, locked, or use other tools, connector, bracket,**
**2. clasp, ( maybe modified) to base, connectors. Or brackets**
**Clip head – maybe modified, holes, bolt, screw, clip, Base, to hold another element**
**1st and 2nd arm (maybe modified) to mount vertical or horizontal**
**Clip      -maybe clip body to attach, element to attach to another**
**clip arm  - clamping brackets, slidable connectors and others**
**Clip arm – element that require tools to attach/ hold to another elements**
**to mount         - multi- sides l shape brackets or connector, or base**
**3. Arms (no dispute) stable pole (example elongated arm) attach to the vehicle floor and holding the platform in a readable positions. Adaptable to elements.**
**Interconnector             - soft ware or hardware, like audio video equipment, amplifier, mouse, swivel, input or output devices and there hard shell, mother board, CPU, memory, processor, power and power line cable, fan, IP, LAN, computer, camera, phone, printer**
**Pivot attachment          - inter-connector eg software or hardware, like audio video, or tile, V,L,O, C, Z connectors, screws, rivet, swivel, multi. Side bracket, single or multi. Hole brakets etc.**

17

Pivotal attachment to the platform  - interconnector, eg. audio video equipment
Software and or hardware, like laptop, screw, connectors, brackets, nuts, bolts, rivet, base, etc.
Pair of resilient   - concentric mount equipment, nut, rivet, bolt, etc
Pivotal adjustment  - the interconnector are software and or hardware that allow movement
Telescopic arrangement  - interconnector are software and hardware that allow programing of the laptop, mouse, power cable, serial ports, CPU, processor, etc
Telescopic arrangement  - interconnector are software and or hardware that allow movement, eg. Axially adjustment, swivel. til
NO DISPUT on the legal background.
35 USC 154(B)
37 CFR 1.57
See, Markman V. Westview Instruments, inc. 52 F.3d 967, 979 (Fed.Cir. 1995)(en banc). "In cases where the patent at issue consists solely of commonly understood words construal requires merely applying the ordinary definitions of such words.
See, Dow Chem. Co V. Sumitomo  Chem. Co, 257 F.3d 1364, 1372 (Fed.Cir.2001) the court first must construe, as a matter of law, the claims of the patent at issue to determine their scope and meaning.
Does the accused product and the 840 patent elements identical or equivalent see, case 15-cv-02465-LTS, document 178 filed 02/0117, page 6 of 10, paragraph 2, line 9. It state, "the fact that plaintiff's book holder could be use to

2

hold a camera (technology) does not make it a mobile camera" reason is was functionality, look again at the word inter-connector, not only can the technology be hold or mount in any position in a mobile vehicle, but the laptop can function in any surface mounted.
See, again in case number 10-cv-07296-CM, document 49, filed 02/17/12 page 10, line 2 " there is equivalence if the element of the accused device performs substantially the same function in substantially the same way to obtain substantially the same result as the element of the patent" the guide from the Federal circuit to answer patent infringement have been followed, there is no doubt the defendant is liable for a miss conduct.

18

The claim as defined above have over come the prior and plainly plausible, the defendant simply wanted a claim for relief. There you have it, a claim for relief is established, it is substantially the same before prosecution, during prosecution and after prosecution, the claim is plausible, the facts and other legal claims are plausible.

See more earlier claims incorporated (from 35 USC 154(d) to 37 CFR 1.57), US Patent appl. Number 10.366,779, the disclosure date was Feb. 19 2003, page 2, line 5, it is a published claim of an audio video equipment.

Application number 10/366,779 , publication date 2003/04/24, the application claimed priority with US Patent Application 10/366,779, US claim publication number 20040214154 A1, claim publication date 2004/10/28/. Current assignee: Chikezie Ottah.

CLAIM CONSTRUCTION

There is no dispute in US Patent 7,152,840 elements

1.      Removable attach, example see the defendant platform 45 and see my 72b base

2.      1st Arm, example see the defendant 1st  60 ARM, see my 1st  3 ARM

3.      2nd ARM, example see the defendant 2nd   62 ARM, see my 2nd  62 ARM

4.      Clip, example see the defendant 80B clips, see 80ª  my Clips

5.      Clip body, see the defendant 72B clip body, see my 72B clip body

6.      45 Platform, see the defendant 45 platform, see my 45 Platform

7.      The 50 scoll  the remote for pro mote 68 adjust slibable allow 80ª axial up and 80b down, closer or further away positioning

8.      See number 7, the defendant arms include an 45 inter-connector for telescopic arrangement

19

9.    See number 72b, my arms 3 include an 45 inter-connector for 5 telescopic arrangement.

10.    The upper 60 Arm include an 45 inter-connector to connect the platform

11.     See number 10, the upper 60 arm include 50 audio equipment for 41 pivotal

12.    The 68 lock, or 68 adjustable arm, see the defendant 68 adjustable lock, and see my adjustable lock, all this element mention above are the same



20

Fig. 3, the supporting structure include open boxes shaped members a male

member 60 and a female member 62 adapted/ADJUSTABLE for 45 (12 Fig 1.)

separable 45 interconnection 50. Both the male and female member 60 and female

member 62 have a front portion 64a ( 6b) a back portion 66a (66b), 28 a pair of side

68a (68b) and 7a (70b) , a floor or (base) 72a (72b), the portion 64a and 66a and 66b

Of the female member 62 have set of holes 80 co operable with those on the portions

64a and 66a of the 66b of the female member 80b in the  cooperating side wall of the

holed female member 62. The user then fixs the male member to the female

member 62 by connector  means.







United State District court of New York

Southern District of New York.

Pearl Street NY NY 10007


INTRODUCTION


OTTAH V. BRACEWELL

Bracewell is a contractor MTA in New York City. Their contract I believe is to mount camera a equipment to MTA vehicle and buses, the MTA has verified this Bracewell contract so the word allegation does not apply here. The defendant is inviolate of section 35 USC 271 of UNJTED STATES CONSTITUTION


23

United States District court

Southern  District New York

Pearl Street NY NY 10007

Pro Se department

THE CASE ON ESTOPPEL

THE ADVENT OF USING RESILIENT CLIP IN EASY AND QUICK TELESCOPIC WAS NEW

THE COURT SHOULD HAVE CALLED IT , US PATENT 840 OVER CAME PRIOR ART

Ottah v. 1st mobile technology inc , before Hon. Judge McMahon, as a last resort the defendant came up with estoppel and miss lead the court into awarding them  the infringement case. At that case the defendant and the court base their decision on US patent 013. See page 34, ppa

I thought the court needed time to figure out my patent, again Ottah V. VeriFone, the court decided case Denovo ductrine,  again in Ottah v. BMW the court decided the case Denovo ductrine,  again in Ottah v. Verizon and Ottah v.   the case was decided on Denovo ductrine,  in a confusing Hon. Judge Lehrburger accused me of not defending  the estoppel,  but the statement was plain in it defence, which was no prior art have telescoping arrangements like US patent 840.

US Patent 840

 Applicant respectfully submits that the invention is not anticipated by the prior art. Furthermore the use of ADJUSTABLE , resilient clip arm on the clasp for clasping the book holder to a movable vehical provide quick removal and attachment without tools, axial adjustment for adjusting the spacing between clasp and the book support , rotational adjustment between the arm and the book support, pivotal adjustment between the clasp and the book support for is not obvious in the light of prior .

FURTHERMORE THE USE OF ADJUSTABLE :

" something that is ADJUSTABLE can be changed or altered so that it work or fit" convertible,  fixable, and modifiable”.   It can perform more then one function, example, no tool in one position, can be tool in another position in a mount, as

24

long as the connectors or interconnectors allow assemble process and functional process to be completed.

See page 6, paragraph 1, line 1 to 11, US Patent number 840. This is relevant to the above methods of MODIFICATIONS. please Your Hon. Please see Fig. 3, paragraph 2 and 3 an alternative concentric interconnector telescopic arrangements,  with reference to (12 Fig. 1)( this telescopic arrangements featured panel, remote control , electronic)

THE CASE ON PROSECUTION ESTOPPLE; this case on prosecution is with merit, and baseless, the burden is on the defendant to provide the proof of the prior art, with proof of the prior art the defendant is in violation of rule 56. The court should know that all the defendants invoked the prosecution stopple without proper proof are liable to answer the court, because they are in violation of rule 26, rule 56 and the constitution of United States of America.


FURTHERMORE  NO PRIOR ART HAVE THIS TELESCOPIC ARRANGEMENTS.

 1. resilient clip arm on the clasp for clasping  the book holder to a movable vehical provide quick removal and attachment without tools

2. axial adjustment for adjusting the spacing between clasp and the book support

3. rotational adjustment between the clasp and the book support,

4. pivotal adjustment between the clasp and the book support , for is not obvious in the light of prior art

R h



Telescopic arrangement; the 60 the male and 62 female are concentrically separated, with the female 62 specially equip with 45 a lens, attached to a sensor, 45 the sensor equipped with an IP attach to DVR is attach  memory and attach to a battery, the encoded IP information enter concentrically 50 network through cable 50 serial port or ether IP address, the IP address through network locate it IP receiver planar or TV, the user will adjust the translate the encoded picture into pictures and the owner will telescopically arrange the picture to the best position for his best view. The remote can adaptable select the page axially, or a rotational adapting the pages.

The male 60 casing is concentrically reattached 62 until the 66a male lid is on  a the 62 female 66b lid, the two lips 66a and 66b ,  at their last grove of the concentric mounting ; the male 60 and the 62 female have a predetermine holes 80a  and 80b, the owner will fix the male and female with a screw connector and secured  onto the vehicle to begin sending or exchange media.

**INSIDE THE CLAIM**

**MEANING OF SOME WORDS IN THE CLAIMS, A FURTHER PROOF THE CLAIM IS A**

**BOOK AND TECHNOLOGY HOLDER.  FOR CLARITY.**

two or more things

    [+] Example sentences

**2** [noncount] : the act of connecting two or
more things or the state of being
connected

    [+] Example sentences

**3** [count]
**a** : a situation in which two or more things
have the same cause, origin, goal, etc.

    [+] Example sentences

**b** : a situation in which one thing causes
another

    [+] Example sentences

**4** [count]
**a** : something that allows you to become
connected to a system, network, etc.,
through a telephone, computer, or other
device

    [+] Example sentences



**your Hon.** inside

US Patent 840 claim, page 6, paragraph 3, the word is interconnector, or connection( of

telescoping arrangement) please Your Hon. let follow the words as it lead us to page 2/3,

paragraph 1 (Ref.12 Fig.1). it lead and support further configuration of electronic and

electricity for network linking of telephone, planar, TV, computer, camera, or other device for

telescoping positioning.



## Vocabulary.com Dictionary

# adjustable 

Something that's adjustable can be changed or altered so that it works or fits better. A car's *adjustable* seat can accommodate both very tall and very short drivers.



Start learning this word



**Cambridge Dictionary**

*Meaning of adjustable in English*

# adjustable

*adjective*

US /əˈdʒʌs.tə.bəl/   UK /əˈdʒʌs.tə.bəl/

**able to be changed to suit particular needs:**

- *The height of the steering wheel is adjustable.*
- *Is the strap on this helmet adjustable?*

— **SMART Vocabulary: related words and phrases**

  **Adapting and modifying**

    acclimate

    acclimatization

Contents      To top



Ad  Hire Qualified Contractors  ComplyWorks Ltd.  Open

*Thesaurus*

# adjustable

adjective

Save Word

## Synonyms & Antonyms of *adjustable*

capable of being readily changed

// quantities that are easily *adjustable* if you're cooking for a larger crowd

**Synonyms for *adjustable***



Ad  Spend Winter on the Beach at Planet Hollywood Cancun  Adult Scene Cancun  Planet Hollywood Cancun  Book Now



∞ 🔵 ⊙ 🔲 ▶          ✻ ❄ ⚐ 43% ⚡ 7:31 AM

**Merriam Webster** SINCE 1828   ☰ 🔍

**b** : to support in a particular
position or keep from falling
or moving
// *hold* me up so I can see

// *hold* the ladder steady

// a clamp *holds* the whole
thing together

// *hold* your head up

**c** : to bear the pressure of :
SUPPORT
// can the roof *hold* all of that
weight

**5** : to prevent from leaving or
getting away
// *hold* the train
: such as





🔲 ∞ ⊙ 🖼 📷 🔲 📧 🔳 🔔        ✻ ❄ ⚐ 77% 🔋 3:35 PM

🔊 **clasp**
/klasp/

*verb*

1.  grasp (something) tightly with one's hand.
    "he clasped her arm"
    Similar:  grasp   grip   clutch  ⌄

2.  ARCHAIC
    fasten (something) with a small device,
    typically a metal one.
    "one modest emerald clasped her robe"

*noun*

1.  a device with interlocking parts used for
    fastening things together.
    "a handbag with a golden clasp"
    Similar:  fastener   fastening  ⌄

2.  an embrace
    Similar:  embrace   hug   cuddle  ⌄

From Oxford                          Feedback





izophrenic disorders" is a distinct item on the list, and
t unlike the terms "psychotic" and "schizophrenic," the
·ds "tension," "excitation," and "anxiety" are not describ-
"disorders." This is consistent with how "excitation" is
d elsewhere in the specification. '476 patent at 5:55–58.
·eover, experts for both parties agree that there is no
h thing as an "excitation disorder," J.A. 218, 349, fur-
·r indicating the claim covers treatment of the symptom
:itation" rather than treatment of an "excitation disor-
.." Although excitation may be a symptom of bipolar I
)rder, the district court nevertheless carved bipolar I
)rder out of its construction because it concluded that
"language of the '476 patent is directed to 'diseases' and
orders,' not to symptoms of such." J.A. 50. This mis-
ds the plain language of the claims and specification.

Because the district court erred in treating "excitation"
being limited to "excitation disorders," we vacate its
ling of non-infringement. We construe "excitation" to
·r to a symptom and remand for the district court to as-
; infringement in light of this construction.

## CONCLUSION

We vacate the district court's judgment that Claims 1
l 4 are not invalid and remand for it to consider the lim-
l question of whether compliance concerns with patients
) have trouble swallowing would provide a motivation
ombine and its impact on the obviousness analysis. We
ate its judgment of non-infringement of claims 4, 9, and
as to Breckenridge and Alembic and remand for the











33



Serial Number: 10/306,771

Art Unit: 3117

Page: 10

*Conclusion*

11. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. Mitchell, Navarro, Hogstone and Rajmanick disclose various hook holding devices.

12. Any inquiry concerning this communication or earlier communication should from the examiner should be directed to Kurt Fernstrom whose telephone number is (703) 305-0301.

Kf

October 24, 2003



MOUNT;

HOLD/HOLDER.  Like the title, book, a clamp, connector, interconnector hold the items together, opposite of remavably attach, the items can fixable and/or removable attached, or assembled partial with removable attach and fixable parts, like combinations of connectors in this order, bolt, resilient clip, USB, WIFI, Wire, camera. In another mount connectors  or inferences include neil, base, arms, resilient clip arm, IP video address, and concentric network , camera.  See page 29 above.

US 840 PATENT; was properly searched under book holder and or audio video, see page 33 and 34 above.

THE DEFENDANTS SAID, See page 36 PPA. they have been in production since the year 2002,  they should see the above claimed technology, publication number 1o/366/779, publication date 02/19/02, publication name, noon start. There is a notice of technology. The claim was protected 35 USC 154



United States District Court Of New York

Southern District Of NY NY 10007

Pearl Street Manhattan, NY NY

Chikezie Ottah

v.

bracewell

# APPENDX

ADJUSTABLE. SEE ALL THE DRWING OF THE APPARATUS

INSIDE THE CLAIM

MEANING OF SOME WORDS IN THE CLAIMS, A FURTHER PROOF THE CLAIM IS A

BOOK AND TECHNOLOGY HOLDER.  FOR CLARITY.

CASE 17.2369

Examinee   Search record

MTA

remark

Letter the examiner

mount

Letter from bracewell

United States District Court Of New York

38

**Southern District Of NY NY 10007**

**Pearl Street Manhattan, NY NY**

**Chikezie Ottah**

**v.**

**bracewell**

**CONTENT**

BRIEFING ON TELESCOPING WITH CONNECTORS OR INTERCONNECTORS

THE COURT WAS MISS LEAD BY THE DEFENDANTS

Estoppel

A BRIEF STATEMENT SHOWN UNDISPUTED CLAIMED INTERCONNECTOR

RESILIENT CLIP IN THE ACCUSED PRODUCT IS A VIOLATION

THE CASE AGAINST ESTOPPEL

US PATENT 840

METHOD

CLAIM CONSTRUCTION

FURTHERMORE THE USER ADJUSTABLE

39

**Southern District Of NY NY 10007**

**Pearl Street Manhattan, NY NY**

**Chikezie Ottah**

**v.**

**bracewell**

TABLE OF AUTHROITY

UNITED STATES CONSTITUTION

US PATENT 7,152,830

US PATENT SERIAL NUMBER  10/366/779

UNITED STATES  DISTRICT OF NEW YORK

SOUTHERN NEW YORK

DICTIONARY

40

United States District court

Southern District of New York

57 Pearl Street NY NY 10007

Chikezie Ottah

V.

Bracewell

**I respectfully state my name as Kenneth Ottah**
**I respectfully state my name as chinyene Ottah**
**We are co-owner of the US patent 7,152,840**
**we respectful submit this affidavit as a fact, that we**
**have given Chikezie Ottah unilateral right to sue the**
**accused product (s) of the defendant, National Grid,**
**that we have with drawn our rights to sue the**
**defendant in the same matter in the future. (Rule 19**
**and 20 to prevent multiple law suits.) that we depose**
**to this affidavit conscientiously and in good faith,**
**believing in the laws of United States of America**

**Kenneth Ottah**

**Chiineye Ottah**

**chikezie Ottah**

31 st day of Aug, 2020

MARIA GEORGAKOPOULOS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01GE6017812
Qualified in Kings County
Commission Expires April 5, 2023

**Respectfully**

PRESS FIRMLY TO SEAL  PRESS FIRMLY TO SEAL

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; October 2018; All rights reserved.

U.S. POSTAGE PAID
PME 1-DAY
BROOKLYN, NY
11224
JAN 14, 21
AMOUNT
**$26.35**
R2304M115024-03

1007          10007

 

# UNITED STATES
# POSTAL SERVICE®

# PRIORITY
# MAIL
# EXPRESS



**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)          PHONE ( )

CHIKEZIE   OTTAH
486 DOROTHY LANE
Elmont, Long Island
10003, USA

EL 352305292 US

# UNITED STATES
# POSTAL SERVICE®

# PRIORITY
# ★ MAIL ★
# EXPRESS™

**PAYMENT BY ACCOUNT** (if applicable)

USPS® Corporate Acct. No.          Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS** (Customer Use Only)

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
   *Refer to USPS.com® or local Post Office™ for availability.

To schedule free
Package Pickup,
scan the QR code.

[QR code]

USPS.COM/PICKUP

TO: (PLEASE PRINT)          PHONE ( )

US DISTRICT COURT
SOUTHERN DISTRICT OF
N.Y.   PRO SE OFFICE
500 PEARL STREET, MH, NY
NY 10007

ZIP + 4® (U.S. ADDRESSES ONLY)
**10007**




■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**



☐ 2-Day          ☐ Military          ☐ DPO

PO ZIP Code          Scheduled Delivery Date (MM/DD/YY)          Postage
11224                1/15/21                                    $ 26.35

Date Accepted (MM/DD/YY)   Scheduled Delivery Time   Insurance Fee   COD Fee
1/14/21                    ☐ 10:30 AM  ☐ 3:00 PM    $               
                           ☐ 12 NOON

Time Accepted   ☐ AM   10:30 AM Delivery Fee   Return Receipt Fee   Live Animal Transportation Fee
4:44            ☐ PM   $                       $

Weight  ☐ Flat Rate   Acceptance Employee Initials   Sunday/Holiday Premium Fee   Total Postage & Fees
        11 ozs.                                       $                            $ 26.35

Est. [  ] ozs.   Acceptance Employee Initials

DELIVERY (POSTAL SERVICE USE ONLY)

Delivery Attempt (MM/DD/YY)   Time   ☐ AM  ☐ PM   Employee Signature

Delivery Attempt (MM/DD/YY)   Time   ☐ AM  ☐ PM   Employee Signature

LABEL 11-B, SEPTEMBER 2015      PSN 7690-02-000-9996      1-ORIGIN POST OFFICE COPY

RECEIVED
SDNY PRO SE OFFICE
2021 JAN 15 PM 1:36



EP13F Oct 2018
OD: 12 1/2 x 9 1/2

P S 1 0 0 0 1 0 0 0 0 0 6

* Money Back Guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.
‡ Money Back Guarantee for U.S. destinations only.          ✻ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.