# BRACEWELL

June 18, 2021

**BY ECF AND EMAIL**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York, Room 2103
40 Foley Square
New York, New York 10007

Re:    *Chikezie Ottah v. Bracewell*, 21 Civ. 455 (KPF)

Dear Judge Failla:

We represent the defendant Bracewell LLP in the above-referenced matter and write pursuant to Rule 4.A of the Court's Individual Practice Rules to respectfully request a pre-motion conference. The deadline for Bracewell to answer or otherwise respond to the Complaint is currently set for June 28, 2021 and we anticipate filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, as further described below. We have been in contact with the plaintiff, Mr. Ottah, and he has indicated that he does not consent to this motion.

Bracewell is an international law firm, headquartered in Houston, Texas with an office located in New York, New York. Plaintiff has filed a Complaint that appears to allege Bracewell has infringed U.S. Patent No. 7,152,840 (the "'840 Patent"), for a "Book Holder," purportedly owned by him. Plaintiff alleges that Bracewell infringed the '840 Patent by manufacturing, selling and/or mounting camera equipment for the New York Metropolitan Transportation Authority ("MTA"). However, as Bracewell provides legal services and does not manufacture, produce, sell, or otherwise supply camera mounts or any other similar products, Plaintiff has sued the wrong entity. Bracewell has not infringed on Plaintiff's purported patent, and the Complaint does not state a plausible infringement claim against Bracewell. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Rachel B. Goldman
Partner

T: +1.212.508.6135    F: +1.800.404.3970
1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100
rachel.goldman@bracewell.com    bracewell.com

AUSTIN  CONNECTICUT  DALLAS  DUBAI  HOUSTON  LONDON  NEW YORK  SAN ANTONIO  SEATTLE  WASHINGTON, DC

# BRACEWELL

June 18, 2021
Page 2

Further, Plaintiff's conclusory allegations of infringement are insufficient to plausibly plead an infringement claim. *See Ottah v. BMW*, 230 F.Supp. 3d 192, 197 (S.D.N.Y. 2017) ("Plaintiff's unsupported, conclusory assertions of infringement, which are inconsistent with the plain language of the '840 patent, fail to plead plausibly [a claim for infringement].").

Additionally, to the extent the Complaint could be liberally construed to allege a claim against Bracewell for its representation of a former client that Plaintiff believes infringed his patent, such a claim must also be dismissed. Under New York law, an attorney cannot be liable to a third party for legal services rendered to a client absent a showing of malicious intent or personal interest. *See, e.g., Ray Legal Consulting Group v. DiJoseph*, No. 13 Civ. 6867 (KPF), 2016 WL 1451547, at *8 (S.D.N.Y. Apr. 12, 2016) (citing *Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057, 1080 (2d Cir. 1977) ("Under New York law an attorney generally cannot be held liable to third parties for actions taken in furtherance of his role as counsel unless it is shown that he 'did something either tortious in character or beyond the scope of his honorable employment.'")). Plaintiff makes no such allegation, even when the Complaint is construed in the light most favorable to him, and there is no cognizable basis for such a claim.

Accordingly, the Complaint does not allege plausible claims for relief and should be dismissed for failure to state a claim upon which relief can be granted.[1] *See Twombly*, 550 U.S. at 570.

We respectfully request that the Court set a pre-motion conference and/or set a briefing schedule for Bracewell's anticipated motion to dismiss the Complaint.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

Rachel B. Goldman
Partner

CC:   Chikezie Ottah, *pro se* (via Fedex, with cited cases included)

---

[1] Bracewell may supplement the above mentioned grounds for its anticipated motion to dismiss.