# EXHIBIT A

**BRACEWELL**
**&GIULIANI**

Texas
New York
Washington, DC
Connecticut
Seattle
Dubai
London

Jonathan R. Spivey
Partner

713.221.1227 Office
1.800.404.3970 Fax

Jonathan.Spivey@bgllp.com

Bracewell & Giuliani LLP
711 Louisiana Street
Suite 2300
Houston, Texas
77002-2770

August 13, 2014

Chikezie Ottah
170 South Portland Ave., Apt. 14F
Brooklyn, NY 11217

*Via Email: eddyottah@yahoo.com and*
*CMRRR 7013 2250 0001 3585 2109*

Re: U.S. Patent 7,152,840, titled "Book Holder"

Dear Mr. Ottah,

Bracewell & Giuliani LLP represents UTC Building & Industrial Systems ("UTC") in patent litigation matters, and I write in response to your undated letter to "MTA, Head Office," which was received by the Metropolitan Transportation Authority State of New York ("MTA") on June 9, 2014, regarding U.S. Patent No. 7,152,840, titled "Book Holder" ("the Book Holder Patent"). UTC supplies MTA with the mobile camera mounting system identified in your letter.

In your letter you contend that the mobile camera mounting systems mounted on MTA buses (and supplied by UTC) infringe the Book Holder Patent, and offer MTA a license to the purported "Book Holder" invention. UTC and MTA do not believe a license to the Book Holder patent is warranted.

There is only one claim in the Book Holder Patent and it specifically covers "a book holder for removable attachment," not a camera mount. Your contentions of infringement are particularly unfounded in view of prior litigations involving the Book Holder Patent. On two separate occasions, the District Court for the Southern District of New York pronounced that the Book Holder Patent requires a book holder that is easily removable without tools. The District Court's ruling was affirmed on appeal by the Federal Circuit, which held:

> It is undisputed that the accused [defendant's] mounts are riveted in place and cannot be removed without tools. This forecloses a finding of literal infringement.

> During prosecution, in response to a prior art rejection, Ottah emphasized that the patentability of the '840 patent's claim was based on the removable nature of the mount. He cannot now, under the doctrine of

# BRACEWELL & GIULIANI

Chikezie Ottah
August 13, 2014
Page 2

equivalents, seek to broaden the scope of his claim to include mounts that are fixed as well as those that are removable.

Analogous to the accused products in the Verifone and First Mobile Technologies litigations involving the Book Holder Patent, UTC's mobile camera mounting system is fixed in place and cannot be removed without tools:



Fig. 2 from Installation Manual (attached).

Additionally, UTC's camera mounting system was created and used at least as early as 2002, which precedes the 2004 filing of the Book Holder Patent. Indeed, a fundamental principle of patent law provides that an accused product cannot infringe a patent if the product predates the patent. *See e.g.*, 35 U.S.C. §102(a) (a person is not entitled to a patent if "the invention was known or used by others...before the invention thereof by the applicant for patent"). Thus, this is one of the many reasons why neither UTC nor MTA require a license to the purported "Book Holder" invention.

To the extent that you continue to pursue these unfounded contentions with MTA and/or UTC (including but not limited to offers to license any purported invention related to the Book Holder Patent), UTC will seek all sanctions, costs, and attorneys' fees available.

I trust this closes the matter and that no further communication is necessary.

Respectfully,

Bracewell & Giuliani LLP

Jonathan R. Spivey

#4648444.5