UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHIKEZIE OTTAH,

                 Plaintiff,

v.

BRACEWELL,

                 Defendant.

Civil Action No. 1:21-cv-00455-KPF

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Bracewell LLP
1251 Avenue of the Americas
New York, NY 10020-1100
(212) 508-6135

September 24, 2021

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

    The Action Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted ........................................................................................................2

        A.     Plaintiff Has Not Stated A Claim For Patent Infringement Against Bracewell .................................................................................................................2

        B.     Plaintiff Is Estopped From Challenging Prior Decisions .............................4

        C.     Courts Have Not Expanded The Scope Of The '840 Patent ........................5

CONCLUSION ................................................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. McCurry*,
    449 U.S. 90 (1980) ............................................................................................................. 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ........................................................................................................... 4

*Koninlijke Philips Electronics N.V. v. The ADS Group*,
    694 F.Supp. 2d 246 (S.D.N.Y. 2010) ................................................................................. 4

*Markman v. Westview Indus., Inc.*,
    517 U.S. 370 (1996) ........................................................................................................... 5

*Mudholkar v. University of Rochester*,
    261 Fed. App'x 320 (2d Cir. 2008) .................................................................................... 5

*Newburger, Loeb & Co. v. Gross*,
    563 F.2d 1057 (2d Cir. 1977) ............................................................................................ 3

*Ottah v. BMW*,
    230 F.Supp. 3d 192 (S.D.N.Y. 2017), *aff'd*, *Ottah v. Fiat Chrysler*, 884 F.3d
    1135 (Fed. Cir. 2018), *cert. denied as untimely*, 140 S.Ct. 146 (2019) ............................ 6

*Ottah v. Fiat Chrysler*,
    884 F.3d 1135 (Fed. Cir. 2018) ...................................................................................... 5, 6

*Ottah v. First Mobile Technologies*,
    No. 10 Civ. 7296(CM), 2011 WL 4343269 (S.D.N.Y. Sept. 8, 2011) ............................... 6

*Ottah v. National Grid*,
    No. 19 Civ. 08289 (PAE) (RWL), 2020 WL 2543105 (S.D.N.Y. Apr. 27,
    2020) (Engelmayer, Mag. J.) .................................................................................... 4, 5, 6

*Ottah v. Verifone Systems, Inc.*,
    524 Fed. App'x 627 (Fed. Cir. 2013) ................................................................................. 6

*Ottah v. Verifone Systems, Inc.*,
    No. 11 Civ. 6187(RMB), 2012 WL 4841755 (S.D.N.Y. Oct. 10, 2012) ........................ 5, 6

*Ottah v. Verizon Services Corp.*,
  No. 19 Civ. 8552 (LGS), 2020 WL 4016739 (S.D.N.Y. July 16, 2020), *appeal dismissed as untimely*, 2020-2198, 2020 WL 8615623 (Fed. Cir. Nov. 30, 2020) ................................................................................................................5

*Ray Legal Consulting Group v. DiJoseph*,
  2016 WL 1451547 (S.D.N.Y. Apr. 12, 2016) ......................................................3

*Rivera v. Governor of New York*,
  92 Fed. App'x 25 (2d Cir. 2004) .........................................................................6

*Vanda Pharmaceuticals Inc. v. West-Ward Pharmaceuticals Int'l Ltd.*,
  887 F.3d 1117 (Fed. Cir. 2018) ...........................................................................3

**Statutes**

35 U.S.C. § 271 ...............................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1

**Other Authorities**

U.S. Patent No. 7,152,840 ..............................................................................................5

Defendant Bracewell LLP respectfully submits this memorandum of law in further support of its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

## PRELIMINARY STATEMENT

In his Opposition, Mr. Ottah supplemented and clarified the allegations in his Complaint.[2] The additional information further demonstrates that the Complaint fails to state a claim for relief against Bracewell. Mr. Ottah acknowledges in his Opposition, as he did in his Complaint, that Bracewell is a law firm. Mr. Ottah hinges his patent infringement claim on a theory that Bracewell's legal advice induced its former client, UTC, to infringe his patent and that Bracewell is thereby liable for inducement. Thus, Mr. Ottah admits that Bracewell did not directly infringe his patent and any claim that appears in the Complaint for direct infringement by Bracewell must be dismissed.

Further, Mr. Ottah's claim of inducement must be dismissed because under New York law an attorney cannot be liable to third parties for purported injuries caused by the legal advice given to a client absent a showing of malicious intent or personal interest. No such allegations are contained in the Complaint or the Opposition, nor is there any basis to assert such allegations.

The claim for inducement must also be dismissed because, first, as Mr. Ottah admits, a threshold requirement for an inducement claim is the existence of a direct infringement and there

---

[1] Capitalized terms not defined herein have the same meaning as in Defendant's Memorandum of Law in Support of its Motion to Dismiss.

[2] The Memorande of Law filed by Mr. Ottah [Dkt. 34] ("Opposition") is not consecutively paginated, accordingly all page references are to the ECF page numbers in the header of the document as filed. Mr. Ottah also submitted a letter concurrently with his Opposition at Dkt. 33 ("Opposition Letter"). The contentions in the letter are similar to those in the Opposition and treated here as part of the Opposition.

is none before this Court. Second, an inducement claim requires knowledge, intent and encouragement of infringement – no allegations support those elements.

Mr. Ottah also claims in his Opposition that courts that have ruled on his prior patent infringement claims against other defendants were misled by those defendants or reached the wrong conclusions regarding claim construction on his patent. However, Mr. Ottah is collaterally estopped from challenging the prior decisions of other courts through this proceeding, and regardless, there is no basis for such a claim – or for the grant of relief for such a claim – against Bracewell.[3]

As Mr. Ottah has not stated any plausible cause of action against Bracewell, his Complaint must be dismissed.

## ARGUMENT

### THE ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.     Plaintiff Has Not Stated A Claim For Patent Infringement Against Bracewell**

In his Complaint, Mr. Ottah claimed patent infringement of a camera mount against Bracewell. In his Opposition, Mr. Ottah admits that Bracewell is a law firm and he does not contest the assertion made in Defendant's motion to dismiss that Bracewell does not engage in the manufacture, sale, purchase, or installation of camera mounts. *See, e.g.*, Opposition at 2. Rather, Mr. Ottah concedes that Bracewell did not directly infringe his patent, and argues instead that Bracewell is liable for inducement of patent infringement based entirely on the advice Mr. Ottah infers Bracewell provided to its client, UTC, years ago. *See* Opposition at 2-4. Mr. Ottah's

---

[3] On September 17, 2021, Mr. Ottah filed "A Motion to State a Claim and Plead the Court to Left the Sanction on US Patent 840 to Use Equivalancy Term in Claims Construction." [Dkt. 35]. Whether the filing should be considered a cross-motion, standalone or supplement, it repeats the same claims and Defendant respectfully submits it does not change the fact that Mr. Ottah has failed to state a claim against Bracewell.

claim fails both because Bracewell cannot be held liable to Mr. Ottah for legal advice given to its then-client UTC and because Mr. Ottah has failed to state a claim for inducement.

As discussed more fully in Defendant's motion to dismiss, an attorney cannot be liable to third parties for alleged injuries caused by the legal services rendered to a client, absent evidence of malicious intent or personal interest, *see Ray Legal Consulting Group v. DiJoseph*, 2016 WL 1451547, at *8 (S.D.N.Y. Apr. 12, 2016) (citing *Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057, 1080 (2d Cir. 1977).

The only interaction between Mr. Ottah and Bracewell is the letter Bracewell wrote to Mr. Ottah on behalf of its former client UTC, and which was attached to the Complaint ("Letter"). *See* Complaint at 42; *see also* Exhibit A to Declaration of Rachel Goldman [Dkt. 29]. This Letter was in response to Mr. Ottah's demand letter to UTC. The Letter appears to be the basis for his claim that Bracewell's advice induced UTC to infringe Mr. Ottah's patent. However, that is insufficient to state a claim. Mr. Ottah does not allege any facts to support even an inference of malicious intent or personal interest by Bracewell as required to hold an attorney liable. Furthermore, Mr. Ottah cites no precedent for holding a law firm liable for inducement of patent infringement by providing a client with legal advice, and Defendant is not aware of any court that has found a law firm liable for infringement based upon providing legal advice about potential patent infringement claims.

As for the claim of inducement, a threshold requirement is the existence of direct infringement. *Vanda Pharmaceuticals Inc. v. West-Ward Pharmaceuticals Int'l Ltd.*, 887 F.3d 1117, 1129 (Fed. Cir. 2018); *see also* Opposition at 2. As there is no action for direct infringement, Mr. Ottah has not met this threshold requirement.

Further, 35 U.S.C. § 271(b) provides that a defendant can only be liable for inducement of patent infringement when they "actively induce[] infringement of a patent." Liability for inducement of patent infringement "does not attach absent a showing that a defendant not only knew of the infringement but also engaged in culpable conduct with the specific intent of encouraging the direct infringer's activities." *Koninlijke Philips Electronics N.V. v. The ADS Group*, 694 F.Supp. 2d 246, 253 (S.D.N.Y. 2010). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

Other than the legal advice Bracewell provided, there are no allegations of inducement, either in the Complaint or Opposition. There is no allegation of Bracewell "actively inducing" infringement, that Bracewell knew of any alleged infringement or that it "engaged in culpable conduct with the specific intent of encouraging" direct infringement. It is clear from the Letter that Bracewell not only did not know of any infringement by UTC, but also believed there was no infringement. Neither the Complaint nor Opposition alleges any facts that could be construed as knowledge or intent by Bracewell to induce UTC to infringe Mr. Ottah's patent.

As Mr. Ottah has failed to allege any facts whereby knowledge of infringement or intent to induce infringement can be imputed to Bracewell. Mr. Ottah has failed to state a claim for inducement of patent infringement.

### B.     Plaintiff Is Estopped From Challenging Prior Decisions

Mr. Ottah's Opposition devotes significant attention to claiming prior cases, in which Bracewell had no involvement, were wrongly decided. *See, e.g.*, Opposition Letter at 3-4. These allegations are irrelevant to the current matter, and as noted in some of the previous court decisions cited by Mr. Ottah, he is estopped from raising arguments challenging the scope of the '840 Patent as finally decided by courts in this district and the Federal Circuit. *See Ottah v.*

*National Grid*, 2020 WL 2543105, at *14 n.14 ("Indeed, these previous decisions addressing the identical issue of the Patent's scope collaterally estop Ottah from raising the same arguments he raises here, and the Federal Circuit has so held.") (citing *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1139-40 (Fed. Cir. 2018); *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1139-40 (Fed. Cir. 2018) (holding once the scope of a patent has been finally decided it is not subject to collateral review) (citing *Markman v. Westview Indus., Inc.*, 517 U.S. 370, 390-91 (1996)). Mr. Ottah may not relitigate his prior actions before this Court in a case against Bracewell. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."); *Mudholkar v. University of Rochester*, 261 Fed. App'x 320, 321 (2d Cir. 2008) (same). Accordingly, Mr. Ottah's allegations relating to past litigation fail to state a claim against Bracewell and should be dismissed.

### C.     Courts Have Not Expanded The Scope Of The '840 Patent

Mr. Ottah also appears to argue that courts have expanded the scope of the '840 Patent to include camera equipment. *See* Opposition at 4. This expansion would theoretically allow him to claim that the camera equipment at issue infringes the '840 Patent under the doctrine of equivalences. However, this argument has been roundly rejected, including by the court in *Ottah v. National Grid*, the case that Mr. Ottah claims expanded the scope of his patent.[4] Moreover,

---

[4] In *Ottah v. National Grid*, Mr. Ottah asserted that the '840 Patent covered, among other things, "TV, monitor, CAMERA [*sic*], computer, lap top [*sic*], cell phone, hard ware [*sic*] and soft ware [*sic*], [and] audio video." 19 Civ. 08289 (PAE)(RWL), 2020 WL 2543105, at *11 (S.D.N.Y. April 27, 2020) . The court found that Mr. Ottah's "central infringement allegation against National Grid is that the company had 'mounted inside [its] vehicle . . . [m]y product [which is] a book or technology holder . . . [for] mobile vehicle environments.'" The court rejected this argument, finding that "[t]he scope of the ['840] Patent, however, is actually more limited than these allegations suggest, and based on his own actions during the prosecution of the Patent, Ottah is precluded from asserting infringement under the doctrine of equivalents. Indeed, this very issue has already been repeatedly, decisively and consistently adjudicated by courts in this District as well as the Federal Circuit." *Id.* at *11 (citing *VeriFone Systems, Inc.*, 2012

-5-

even if his allegations were true, it would not support an inducement claim against Bracewell for the reasons set forth above and in Defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Mr. Ottah simply has not stated a claim upon which relief can be granted against Bracewell. Further, Mr. Ottah's Complaint should be dismissed with prejudice because any amendment would be futile. *See Rivera v. Governor of New York*, 92 Fed. App'x 25, 26 (2d Cir. 2004). Accordingly, Defendant respectfully requests that the Court grant its motion to dismiss Plaintiff's claims, with prejudice, and any further relief it deems just and proper.

Dated: New York, New York
September 24, 2021

                                          Respectfully submitted,

                                          /s/ Rachel B. Goldman
                                          Rachel B. Goldman
                                          Bracewell LLP
                                          1251 Avenue of the Americas, 49th Floor
                                          New York, NY 10020-1100
                                          (212) 508-6135
                                          Email: rachel.goldman@bracewell.com

                                          *Attorneys for Defendant*

---

WL 4841755, at *1, aff'd, 524 F. App'x 627; *First Mobile Technologies*, 2012 WL 527200 at *1; *BMW*, 230 F. Supp. 3d 192, aff'd, 884 F.3d 1135). Other courts have also consistently and explicitly rejected Mr. Ottah's argument that the '840 Patent covers cameras or camera mounting equipment. *See Ottah v. Verifone Systems, Inc.*, 524 Fed. App'x 627, 629–30 (Fed. Cir. 2013); *Ottah v. Verizon Services Corp.*, No. 19 Civ. 8552 (LGS), 2020 WL 4016739, at *1 (S.D.N.Y. July 16, 2020), *appeal dismissed as untimely*, 2020-2198, 2020 WL 8615623, (Fed. Cir. Nov. 30, 2020); *Ottah v. National Grid*, No. 19 Civ. 08289 (PAE) (RWL), 2020 WL 2543105, at *1 (S.D.N.Y. Apr. 27, 2020) (Engelmayer, Mag. J.), *adopted by* No. 19 Civ. 8289 (PAE) (RWL), 2020 WL 2539075, at *1 (S.D.N.Y. May 19, 2020); *Ottah v. BMW*, 230 F.Supp. 3d 192 (S.D.N.Y. 2017), *aff'd*, *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1135 (Fed. Cir. 2018), *cert. denied as untimely*, 140 S.Ct. 146 (Mem) (2019); *Ottah v. Verifone Systems, Inc.*, No. 11 Civ. 6187(RMB), 2012 WL 4841755 (S.D.N.Y. Oct. 10, 2012); *Ottah v. First Mobile Technologies*, No. 10 Civ. 7296(CM), 2011 WL 4343269 (S.D.N.Y. Sept. 8, 2011).